**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 5, 2015
Date Decided: August 13, 2015

Mr. C. H.[1]
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> Re:  *H. v. K.*
> Civil Action No. 11348-MA

Dear Mr. H.:

This letter concerns your exceptions to the decision of Master Ayvazian of July 28, 2015. In Orders of that date, the Master granted your application to proceed *in forma pauperis* but ordered upon initial review of your Complaint that it be dismissed without prejudice, because you had failed to exhaust administrative remedies. You took exception to the latter decision.

Decisions of Masters in the Court of Chancery are reviewed *de novo*.[2] I have conducted such a *de novo* review.

The matter involves what you describe as a threatening lump on your buttock, for which you allege inadequate medical care during your incarceration at

---

[1] This Letter Opinion has been redacted in this public version to preserve the privacy of Mr. C. H.

[2] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

the James T. Vaughn Correctional Center. In connection with the exceptions, you seek an order providing three instances of equitable relief: directing that a physician examine and treat the lump; that you be brought into Court to display the lump on your buttock to a judicial officer; and that you be provided an attorney to assist you in this matter. I assume that the second and third requests were made only to facilitate your main request, that you be provided additional medical review and treatment for the lump.

Upon review of the Master's Order, it is clear that the Order was correct when entered, because at that time, you had a grievance procedure pending before prison authorities concerning your allegations of inappropriate medical care. Therefore, your administrative remedies had not been exhausted. In connection with your exceptions, however, you have attached a grievance decision which *upheld* your grievance and provided that:

> Uphold only that the grievant must be seen by a higher level of provider (physician) who can explain the cause of the lumps that the grievant is concerned about. It is BCHS policy that if the offender cannot obtain resolution of the problem at the Nurse Practitioner level the case must be referred to a physician.

> Medical must ensure that the grievant is given an explanation to his understanding concerning the lumps on his chest and buttocks that he is worried about . . . .[3]

That decision was rendered on July 27, 2015 and was not before the Master at the time she made her decision.

---

[3] Motion to be Allowed to Take Exception under Rule 144, Ex. A.

2

It appears to me that the relief that you are seeking has been granted and that therefore your Complaint is moot, in that you will receive the medical review that you asked this Court to facilitate, as a result of your grievance being upheld. However, given the new evidence not before the Master at the time she rendered her decision, I am remanding the matter to her for further consideration as she finds appropriate.

Finally, with respect to the request that this Court direct that you have an attorney appointed for you in this action, there is no general right to an attorney at State expense in a civil matter, and, as you have adequately presented this matter to this Court, you have presented no suggestion that your right of access to justice has been deprived due to lack of representation.[4] With respect to your request to be brought to a courtroom to display the lump on your buttock to me, the request is moot, since I accept for purposes of this Letter Opinion that you have a large and visible lump or lumps in the area described. Therefore, both these requests are denied.

To the extent the forgoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

---

[4] *See, e.g. Anderson v. Tingle*, 2011 WL 3907125, at *3 (Del. Super, 2011).

*/s/ Sam Glasscock III*

Sam Glasscock III


Cc:  Hon. Kim Ayvazian